## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER BIRCH,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-02967-JMC |
| **AMAZON.COM SERVICES LLC,** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Jennifer Birch, filed the present lawsuit against Defendant, Amazon.com Services LLC ("Amazon" or "Defendant"), in the Circuit Court of Worcester County, Maryland, on September 12, 2024. (ECF No. 3). Defendant removed the case to this Court shortly thereafter. (ECF No. 1). Plaintiff asserts four causes of action based on injuries she allegedly sustained while using a dog leash purchased from Defendant's website: negligence (Count I); strict liability (Count II); breach of implied warranties (Count III); and breach of express warranties (Count IV). (ECF No. 3). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). (ECF No. 14). The Court has considered Plaintiff's Opposition and Defendant's Reply thereto. (ECF Nos. 24, 25). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Defendant's Motion will be GRANTED.

## I.    BACKGROUND[1]

Plaintiff purchased a dog leash from Amazon.com via the "Fulfilled by Amazon" (FBA) "distribution network." (ECF No. 3 at 8).[2] Plaintiff "relied on" marketing material on Amazon's

---

[1] At the motion to dismiss stage, the Court "accept[s] as true all well-pleaded facts and construe[s] them in the light most favorable to the plaintiff." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

website indicating that the dog leash "was appropriate to restrain medium sized dogs such as boxers." *Id.* Plaintiff additionally chose to purchase the leash due to Amazon's guaranteed quick delivery. *Id.* On April 11, 2023, Plaintiff was using the leash to restrain her dog, when her dog "suddenly began to run after something in the yard[.]" *Id.* The leash "malfunctioned" causing the leash's "metal clip to snap and hit Plaintiff directly in the eye and fact." *Id.* at 9. Plaintiff's left eye consequently required surgical intervention "to implant a new lens in an attempt to salvage her vision." The leash malfunction allegedly caused Plaintiff to suffer "significant visual limitations, including some vision loss and other deficits, which are expected to continue into the future," resulting in the case *sub judice*. *Id.*

## II.    LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120

F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

### III.    ANALYSIS

Defendant moves to dismiss all four counts in Plaintiff's Complaint, arguing Defendant's case is foreclosed by the Fourth Circuit's decision *Erie Insurance Company v. Amazon.com, Inc.* (ECF No. 14 at 1). In *Erie*, the Fourth Circuit considered whether Amazon could be considered a "seller" and therefore liable under Maryland law for any defective products that are sold through its website. 925 F.3d 135, 140 (4th Cir. 2019).  The court explained that "products liability under Maryland law, whether asserted under theories of negligence, breach of warranty, or strict liability in tort, is imposed on sellers and manufacturers (a manufacturer also being a seller)" and concluded that Maryland defines a seller as "owners of personal property who transfer title to purchasers of that property for a price." *Id.* at 141. In other words, only a party who holds or transfers title of a product for a price may be liable for its defects under Maryland law. *Id.* Defendant contends that Plaintiff has not properly averred sufficient facts that Amazon is a seller who could be subject to product liability, and that Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted. (ECF No. 14-1 at 7).

Plaintiff counters that she has alleged Amazon's actions are "beyond [those of] just a distributer, exposing it to liability under Maryland Law." (ECF No. 24 at 3).[3] She emphasizes the

---

[3] Plaintiff additionally argues that dismissal is premature at this stage because *Erie* and *Heidary* were decided on summary judgment "after the development of a factual record." (ECF No. 24-1 at 3). This argument is unpersuasive. It is true that *Erie* was decided on summary judgment rather than a motion to dismiss, but the *Erie* court did not indicate that its holding was limited to resolving summary judgment motions. *See generally Erie*, 925 F.3d 135. Further, while Judge Chuang of this Court declined to deny the defendant's motion to dismiss in *Heidary* on the grounds that there was no factual record showing defendant did not hold title to the allegedly defective product, the present case is distinguishable in that Plaintiff expressly states in her complaint that Amazon does not hold title to products sold through the FBA program, such as the leash at issue. 706 F.3d at 532-33; ECF No. 3 at 4-6.

control Amazon exercises over the listings, sales, returns, and shipping processes of products sold through its website, as well as that Amazon "holds insurance policies to pay for liabilities associated with personal injuries from the products it sells through the FBA regime," and financially profits "by as much or more than 40% of the sales price of a given product." *Id.* at 5-6. Plaintiff additionally cites several cases exploring the definition of a "seller," arguing that "the transfer of title does not have 'talismanic significance' when determining whether a sale has occurred." *Id.* at 4 (quoting *Heidary v. Amazon.com, Inc.*, 706 F. Supp. 3d 525, 531 (D. Md. 2023) *aff'd on other grounds*. No. 2024-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024)).

As Defendant correctly identifies, the cases Plaintiff cites do not pertain to the definition of a seller of under Maryland law, but instead interpret various federal statutes. *See, e.g.*, *Heidary*, 706 F. Supp. 3d at 531-33 (discussing whether defendant was a seller for purposes of the federal Patent Act); *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 885-90 (Fed. Cir. 2017) (considering whether defendant constituted a seller under the federal Copyright Act). As explained by the Fourth Circuit in *Erie*, Maryland law is clear that a party may only be held liable in products liability if they are a seller, and sellers are defined as "owners of personal property who transfer title to purchasers of that property for a price." *Id.* at 141. Plaintiff's Complaint expressly states that the leash purchased by Plaintiff was an FBA product, and that Amazon does not hold legal title to the products it sells through the FBA program at any point through the sales and distribution process. (ECF No. 3 at 4-6 ("Amazon's contracts with merchants participating in the FBA program state that the merchants retain legal title to their products even while the products are stored, sorted, and delivered to consumers from Amazon's facilities.")).

As a federal court sitting in diversity, the undersigned's "role is to apply the governing state law[.]" *Askew v. HRFC,* LLC, 810 F.3d 263, 266 (4th Cir. 2016) (quoting *Horace Mann Ins.*

*Co. v. Gen. Star Nat'l Ins. Co.*, 514 F.3d 327, 329 (4th Cir. 2008)). Given the controlling state law identified in *Erie*, it is apparent that Amazon is not a "seller" under the factual circumstances alleged by Plaintiff and cannot be held liable in products liability under Maryland law. Accordingly, Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted.

Plaintiff requests that if Defendant's Motion to Dismiss is granted, she be permitted to amend her Complaint. (ECF No. 24-1 at 7). However, in light of the controlling law identified in *Erie*, such an amendment would be futile. Plaintiff expressly states that third-party sellers in the FBA program retain legal title of their products sold through Amazon, and she is therefore unable to amend her Complaint to include allegations which could establish Amazon's liability under Maryland law. As such, the dismissal of Plaintiff's Complaint shall be with prejudice and without leave to amend. *See Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 440 (D. Md. 2024) (citation omitted) ("[W]here amendment would otherwise be futile, dismissal with prejudice is appropriate."); *In re Triangle Cap. Corp. Secs. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[W]e have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

## IV.    CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (ECF No. 14) is hereby GRANTED. Plaintiff's claims are hereby DISMISSED with prejudice and the Clerk is directed to close this case.

Date: January 3, 2025                              _____/s/_____
                                                    J. Mark Coulson
                                                    United States Magistrate Judge

5